FILED
United States Court of Appeals
Tenth Circuit

February 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WILLIAM VONTRAIL JOHNSON,

     Defendant - Appellant.

No. 15-6206
(D.C. No. 5:14-CR-00341-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **EBEL**, **MORITZ**, Circuit Judges.
_____

     After entering into a plea agreement containing a waiver of appellate rights,

William Vontrail Johnson pled guilty to one count of child sex trafficking.  As part of

the agreement, the government promised to recommend a sentence of no more than

30 years, which it did.  Mr. Johnson, in turn, agreed to waive his right to appeal his

guilty plea and sentence, unless the court imposed a sentence higher than the

guidelines range.  The district court determined that the appropriate guidelines range

was 324-405 months and, following the government's recommendation, imposed a

_____

     [*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

360-month sentence. Despite having waived his right to appeal a sentence within the guidelines range, Mr. Johnson filed an appeal to challenge his sentence. The government then moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In response to the government's motion, Mr. Johnson's counsel stated that the appeal was wholly frivolous because it was clearly barred by the appeal waiver and there was no basis for claiming that the sentence was either procedurally or substantively unreasonable. Counsel also moved to withdraw. We gave Mr. Johnson notice of his counsel's response and an opportunity to file his own response. The deadline for doing so has long passed, and we have received no response from Mr. Johnson.

Accordingly, we have independently reviewed the record in light of the parties' filings to decide whether an opposition to the government's motion to enforce is "wholly frivolous," *Anders v. California*, 386 U.S. 738, 744 (1967). As part of our review, we have independently considered the relevant factors governing the enforcement of an appeal waiver, namely "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. We agree with counsel's assessment that the appeal is wholly frivolous; Mr. Johnson cannot assert any non-frivolous argument that would support a determination that the appeal waiver does not bar his challenge to his sentence.

2

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam